Fill in this information to identify your case:

| | |
|---|---|
| Debtor 1 | **Christopher L. Hall** |
| | Full Name (First, Middle, Last) |
| Debtor 2 | **Kayla S. Hall** |
| (Spouse, if filing) | Full Name (First, Middle, Last) |
| United States Bankruptcy Court for the | **NORTHERN DISTRICT OF MISSISSIPPI** |
| Case number: | |
| (If known) | |

☑ Check if this is an amended plan, and list below the sections of the plan that have been changed.

3.4

# Chapter 13 Plan and Motions for Valuation and Lien Avoidance

12/17

## Part 1:    Notices

**To Debtors:**   This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable. The treatment of ALL secured and priority debts must be provided for in this plan.

In the following notice to creditors, you must check each box that applies

**To Creditors:**   **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

**If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation on or before the objection deadline announced in Part 9 of the Notice of Chapter 13 Bankruptcy Case (Official Form 309I). The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015.**

The plan does not allow claims. Creditors must file a proof of claim to be paid under any plan that may be confirmed.

The following matters may be of particular importance. **Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☑ Included | ☐ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☑ Included | ☐ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☐ Included | ☑ Not Included |

## Part 2:    Plan Payments and Length of Plan

**2.1     Length of Plan.**

The plan period shall be for a period of __**60**__ months, not to be less than 36 months or less than 60 months for above median income debtor(s). If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2     Debtor(s) will make payments to the trustee as follows:**

Debtor shall pay __**$238.00**__ (☐ monthly, ☐ semi-monthly, ☐ weekly, or ☑ bi-weekly) to the chapter 13 trustee. Unless otherwise ordered by the court, an Order directing payment shall be issued to the debtor's employer at the following address:

TCI Automotive
151 Industrial Road
Ashland, MS  38603

Debtor    **Christopher L. Hall**                                    Case number
          **Kayla S. Hall**

Joint Debtor shall pay _____ (☐ monthly, ☐ semi-monthly, ☐ weekly, or ☐ bi-weekly) to the chapter 13 trustee. Unless otherwise ordered by the court, an Order directing payment shall be issued to the joint debtor's employer at the following address:

**2.3**    **Income tax returns/refunds.**

   *Check all that apply*
   ☑    Debtor(s) will retain any exempt income tax refunds received during the plan term.

   ☐    Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all non-exempt income tax refunds received during the plan term.

   ☐    Debtor(s) will treat income refunds as follows:

**2.4 Additional payments.**
   *Check one.*
   ☑    **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

Part 3:    **Treatment of Secured Claims**

**3.1**    **Mortgages. (Except mortgages to be crammed down under 11 U.S.C. § 1322(c)(2) and identified in § 3.2 herein.).**

   *Check all that apply.*
   ☑    **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*
   *Insert additional claims as needed.*

**3.2**    **Motion for valuation of security, payment of fully secured claims, and modification of undersecured claims.** *Check one.*.

   ☐    **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*
        ***The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.***

   ☑    Pursuant to Bankruptcy Rule 3012, for purposes of 11 U.S.C. § 506(a) and § 1325(a)(5) and for purposes of determination of the amounts to be distributed to holders of secured claims, debtor(s) hereby move(s) the court to value the collateral described below at the lesser of any value set forth below or any value set forth in the proof of claim. Any objection to valuation shall be filed on or before the objection deadline announced in Part 9 of the Notice of Chapter 13 Bankruptcy Case (Official Form 309I).

   The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

| Name of creditor | Estimated amount of creditor's total claim # | Collateral | Value of collateral | Amount of secured claim | Interest rate* |
|---|---|---|---|---|---|
| **Capitol Loans** | **$3,242.00** | **2000 Chevrolet Silverado, driven by Mr. Hall's brother and is valued at $3,400. Mrs. Hall's mother drives a 2001 Chevrolet Tahoe, also collateral for this loan and is valued at $3,000.00.** | **$6,400.00** | **$3,242.00** | **6.75%** |

| Debtor | **Christopher L. Hall** <br> **Kayla S. Hall** | Case number | |
|---|---|---|---|

| Name of creditor | Estimated amount of creditor's total claim # | Collateral | Value of collateral | Amount of secured claim | Interest rate* |
|---|---|---|---|---|---|
| **Capitol Loans Of Mississippi, Inc.** | $3,881.00 | **2009 Chevrolet Malibu** | $5,175.00 | $3,881.00 | 6.75% |

| Name of creditor | Estimated amount of creditor's total claim # | Collateral | Value of collateral | Amount of secured claim | Interest rate* |
|---|---|---|---|---|---|
| **First Metropolitan Financial Services** | $6,670.00 | **2007 Saturn Ion; household items have been previously pledged. Pay contract rate of interest so will receive title upon completion of plan** | $2,880.00 | $6,670.00 | 26.00% |

| Name of creditor | Estimated amount of creditor's total claim # | Collateral | Value of collateral | Amount of secured claim | Interest rate* |
|---|---|---|---|---|---|
| **First Metropolitan Financial Services** | $2,135.00 | **20' Car Hauler Trailer** | $700.00 | $700.00 | 6.75% |

| Name of creditor | Estimated amount of creditor's total claim # | Collateral | Value of collateral | Amount of secured claim | Interest rate* |
|---|---|---|---|---|---|
| **Harbor Financial of Ripley** | $2,223.00 | **2000 Ford Winstar Mr. Hall's sister. Tool Box ($40), Tools ($30), DVD player ($5), Rifle ($50), sprayer ($20) and Tiller ($60) are the only items of personal property still in the debtor's possession. Pay claim in full at contract rate of interest so debtors will receive title up completion of plan.** | $945.00 | $2,223.00 | 28.00% |

*Insert additional claims as needed.*

#For mobile homes and real estate identified in § 3.2: Special Claim for taxes/insurance:

| Name of creditor | Collateral | Amount per month | Beginning month |
|---|---|---|---|
| -NONE- | | | |

* Unless otherwise ordered by the court, the interest rate shall be the current Till rate in this District

For vehicles identified in § 3.2: The current mileage is _____

**3.3    Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*

[✓]    **None**. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

**3.4    Motion to avoid lien pursuant to 11 U.S.C. § 522.**

*Check one.*

[ ]    **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

| Debtor | **Christopher L. Hall** | Case number |
|---|---|---|
| | **Kayla S. Hall** | |

*The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.*

☑ The judicial liens or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the debtor(s) would have been entitled under 11 U.S.C. § 522(b). Unless otherwise ordered by the court, a judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the order confirming the plan unless the creditor files an objection on or before the objection deadline announced in Part 9 of the Notice of Chapter 13 Bankruptcy Case (Official Form 309I). Debtor(s) hereby move(s) the court to find the amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Part 5 to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the plan. See 11 U.S.C. § 522(f) and Bankruptcy Rule 4003(d). If more than one lien is to be avoided, provide the information separately for each lien.

| Name of creditor | Property subject to lien | Lien amount to be avoided | Secured amount remaining | Type of lien | Lien identification (county, court, judgment date, date of lien recording, county, court, book and page number) |
|---|---|---|---|---|---|
| **Family Choice Financial** | **32 inch tv ($30), building collapsed and was burned** | **$30.00** | 0.00 | Agreement | **UCC** |
| **First Franklin Financial** | **GE camera and accessories ($60). Remainder of collateral was previously pledged, inoperable and disposed of by debtors or they never owned** | **$60.00** | 0.00 | Agreement | **UCC** |
| **First Heritage Credit** | **Wrenches ($60), tool set ($40), Chainsaw ($60), Trampoline ($40). Pool Table fell apart on October 8, 2018** | **$200.00** | 0.00 | Agreement | **UCC** |
| **First Metropolitan Financial Services** | **All collateral pledged was either previously pledged, debtor's never owned or was inoperable and disposed** | **$0.00** | $0.00 | Agreement | **UCC** |
| **Harbor Financial of Ripley** | **power washer ($70) and 2-32 inch Emerson TVs ($100), 60 inch Vizio TV ($100), Charcoal Grill ($20). Debtor either never owned the remainder of the collateral listed or it was inoperable and disposed.** | **$290.00** | 0.00 | Agreement | **UCC** |

*Insert additional claims as needed.*

**3.5    Surrender of collateral.**

*Check one.*

☑    **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

**Part 4:    Treatment of Fees and Priority Claims**

**4.1    General**
Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2    Trustee's fees**
Trustee's fees are governed by statute and may change during the course of the case.

**4.3    Attorney's fees.**

☑ No look fee:  **3,400.00**

Total attorney fee charged:    $**3,400.00**

| Debtor | **Christopher L. Hall** | Case number |  |
|---|---|---|---|
|  | **Kayla S. Hall** |  |  |

    Attorney fee previously paid:      $**0.00**

    Attorney fee to be paid in plan per confirmation order:      $**3,400.00**

☐ Hourly fee: $____. (Subject to approval of Fee Application.)

**4.4**      **Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*

☑ **None**. If "None" is checked, the rest of § 4.4 need not be completed or reproduced.

**4.5**      **Domestic support obligations.**

☑ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

### Part 5: Treatment of Nonpriority Unsecured Claims

**5.1**      **Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*

☑ The sum of $ **0.00**
☐ ____% of the total amount of these claims, an estimated payment of $____
☐ The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $**435.00**. Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2**      **Other separately classified nonpriority unsecured claims (special claimants).** *Check one*.

☑ **None.** If "None" is checked, the rest of § 5.3 need not be completed or reproduced.

### Part 6: Executory Contracts and Unexpired Leases

**6.1**      **The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one*.

☑ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

### Part 7: Vesting of Property of the Estate

**7.1**      **Property of the estate will vest in the debtor(s) upon entry of discharge.**

### Part 8: Nonstandard Plan Provisions

**8.1**      **Check "None" or List Nonstandard Plan Provisions**

☑ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

| Debtor | **Christopher L. Hall** | Case number | |
| | **Kayla S. Hall** | | |

Part 9: **Signatures:**

**9.1**   **Signatures of Debtor(s) and Debtor(s)' Attorney**

*The Debtor(s) and attorney for the Debtor(s), if any, must sign below. If the Debtor(s) do not have an attorney, the Debtor(s) must provide their complete address and telephone number.*

X  /s/ Christopher L. Hall                                    X  /s/ Kayla S. Hall
   **Christopher L. Hall**                                       **Kayla S. Hall**
   Signature of Debtor 1                                         Signature of Debtor 2

   Executed on    **November 3, 2018**                           Executed on    **November 3, 2018**

   **281 County Road 318**                                       **281 County Road 318**
   Address                                                       Address
   **Falkner MS 38629-0000**                                     **Falkner MS 38629-0000**
   City, State, and Zip Code                                     City, State, and Zip Code

   Telephone Number                                              Telephone Number


X  /s/ Karen B. Schneller                                     Date   **November 3, 2018**
   **Karen B. Schneller 6558**
   Signature of Attorney for Debtor(s)
   **126 North Spring Street**
   **Post Office Box 417**
   **Holly Springs, MS 38635**
   Address, City, State, and Zip Code
   **662-252-3224**                                              **6558 MS**
   Telephone Number                                              MS Bar Number
   **karen.schneller@gmail.com**
   Email Address